UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TALGINE SMALLS,

                Petitioner,

      -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19 MC 70 (KAM) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

    On March 31, 1995, petitioner Talgine Smalls entered a plea of guilty to conspiring to distribute and possess with intent to distribute cocaine base and cocaine.[1] On May 10, 1996, the Court sentenced petitioner to a three-year term of probation. In a prior letter motion dated January 10, 2007, petitioner filed a motion seeking to expunge the record of her conviction. On January 22, 2007, the Court denied that motion.

    On January 9, 2019, petitioner Smalls, proceeding <u>pro se</u>, filed a second motion with this Court seeking an Order expunging her record of conviction. Petitioner claims that her criminal record has prevented her from obtaining "better" employment and that she regrets her crime. (ECF No. 1). The government argues in response that the Court lacks jurisdiction over petitioner's motion. (ECF No. 4). On February 9, 2022, the District Court referred petitioner's motion to the undersigned.

---

[1] Petitioner was convicted under 21 U.S.C. §§ 841(b)(1)(A)(iii) and (b)(1)(B)(ii)(II) and 21 U.S.C. § 846.

DISCUSSION

"[E]xcept in limited circumstances authorized by Congress," the subject matter jurisdiction of federal district courts does not extend to motions to expunge or seal a valid record of conviction. Ruiz Rosado v. United States, No. 02 CR 0464, 2019 WL 1585204, at *2 (E.D.N.Y. Apr. 12, 2019) (quoting United States v. King, No. 14 CR 0357, 2017 WL 4326492, at *1 (E.D.N.Y. Sept. 28, 2017)); see also Doe v. United States, 833 F.3d 192, 196-97 (2d Cir. 2016) (holding that the district court lacked jurisdiction over petitioner's motion to expunge her record of conviction). Moreover, the ancillary jurisdiction of federal district courts does not extend to motions to expunge the record of a valid, completed conviction, like the conviction at issue here. Doe v. United States, 833 F.3d 192, 198-200.

Under the Federal First Offender Act, 18 U.S.C. § 3607(c), the Court must expunge an individual's record of conviction upon the application of that person, but only if the person (a) was found guilty of simple drug possession described in Section 404 of the Controlled Substances Act (21 U.S.C. § 844); (b) had no prior convictions under either state or federal law relating to controlled substances; (c) was less than 21 years old at the time of the offense; (d) received a deferred judgment; (e) successfully completed a probationary term and had the proceedings dismissed before a judgment of conviction was entered; and (f) had not previously been subject to a disposition under Section 3607(a). Petitioner fails to meet these criteria, and thus her motion does not fall within the bounds of this rule.

In addition to having the power to expunge a record under the Federal First Offender Act in the circumstances articulated above, district courts may also expunge a completed and valid record of conviction under the *habeas corpus* statutes. United States v. Sumner, 226 F.3d 1005, 1012 n.6 (9th Cir. 2000) (suggesting that expungement may, in a proper case, be granted

following a prisoner's successful motion pursuant to 28 U.S.C. §§ 2254, 2255). Moreover, the granting of *coram nobis* relief under the All Writs Act (28 U.S.C.A. § 1651) "normally results in the expungement of the [underlying] conviction." United States v. Mandanici, 205 F.3d 519, 532 (2d Cir. 2000) (Kearse, J., concurring). Also, in very limited circumstances, federal courts have expunged criminal records pursuant to their authority under the Civil Rights Act (42 U.S.C. §§ 1971, 1983, 1985). See, e.g., Shipp v. Todd, 568 F.2d 133, 134 (9th Cir. 1978) (permitting a Section 1983 action seeking expungement of criminal records); United States v. McLeod, 385 F.2d 734, 738–39 (5th Cir. 1967) (granting the expungement of criminal records in a Section 1971 action). District courts also have the authority to expunge records of conviction under the Constitution of the United States of America. Sullivan v. Murphy, 478 F.2d 938, 960-68 (D.C. Cir. 1973) (holding that "[t]he principle is well established that a court may order the expungement of records . . . when that remedy is necessary and appropriate in order to preserve basic legal rights[,]" and finding that the district court had jurisdiction to uphold that principle under 28 U.S.C. § 1331). However, none of these alternative grounds for expungement are implicated in this matter.

In addition, while petitioner has provided equitable reasons for expunging her record of conviction, these reasons—no matter how compelling they might be—do not confer subject matter jurisdiction over petitioner's motion upon this Court. Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001) (holding that "parties cannot confer subject matter jurisdiction where the Constitution and Congress have not"); see also Ruiz Rosado v. United States, 2019 WL 1585204, at *2 (noting that this Court lacks jurisdiction to consider a motion to expunge a completed and valid conviction of conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 843 "based exclusively on equitable reasons"); United States

3

v. Lysaght, No. 97 CR 644, 2018 WL 5928461, at *2-3 (S.D.N.Y. Nov. 14, 2018) (holding that the court lacked jurisdiction to consider petitioner's motion to expunge a completed and valid conviction); United States v. King, No. 14 CR 00357, 2017 WL 4326492, at *2 (E.D.N.Y. Sept. 28, 2017) (holding that this Court lacked jurisdiction to consider a motion to expunge a completed and valid conviction for various federal crimes).

Petitioner was lawfully convicted of conspiring to distribute and possess with intent to distribute cocaine base and cocaine after a valid guilty plea entered in 1995. This Court thus lacks jurisdiction to consider petitioner's motion.

## CONCLUSION

The undersigned respectfully recommends that petitioner's motion be denied. The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
June 6, 2022

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York